Case 1:16-cv-00195 Document 5 Filed in TXSD on 01/18/17 Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
January 18, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JUAN GONZALEZ-MARTINEZ,** | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | **Civil Action No. 1:16-195** |
| | § | **Criminal No. B:13-982-1** |
| **UNITED STATES OF AMERICA,** | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On August 1, 2016, Petitioner Juan Gonzalez-Martinez filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be denied, because it is plain from the record that the petition is legally meritless.

## I. Procedural and Factual Background

On December 12, 2013, a federal grand jury – sitting in Brownsville, Texas, – indicted Gonzalez-Martinez for illegally re-entering the United States after having been previously deported[1], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Gonzalez-Martinez, Criminal No. 1:13-982-1, Dkt. No. 6 (hereinafter "CR").

### A. Arraignment

On December 18, 2013, Gonzalez-Martinez appeared before the Magistrate Judge and entered a guilty plea – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 10.

---

[1] While the indictment alleged that Gonzalez-Martinez had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

On that same day, the Magistrate Judge issued a report and recommendation that the District Judge accept Gonzalez-Martinez's plea of guilty. CR Dkt. No. 29.

### B. Sentencing & Direct Appeal

In the final presentence report ("PSR"), Gonzalez-Martinez was assessed a base offense level of eight for illegally re-entering the United States. CR Dkt. No. 14, pp. 4-5. Gonzalez-Martinez was also assessed a 16-level enhancement, because he had previously been convicted of a "crime of violence," namely a 2005 Texas state conviction for attempting to take a weapon from a peace officer. Id.  Gonzalez-Martinez received a three-level reduction for acceptance of responsibility. Id, p. 5.  Thus, Gonzalez-Martinez was assessed a total offense level of 21.

Regarding his criminal history, Gonzalez-Martinez had 11 adult criminal convictions and was assessed 15 criminal history points. CR Dkt. No. 14, pp. 5-11.  He was assessed an additional two points because he was on supervised release at the time that he committed the instant offense. Id.  He was assessed 17 total criminal history points, resulting in a criminal history category of VI. Id.  Based upon Gonzalez-Martinez's offense level of 21 and criminal history category of VI, the presentence report identified a guideline sentencing range of 77 to 96 months of imprisonment. Id., p. 12.

On March 24, 2014, the District Judge adopted the report and recommendation, accepting Gonzalez-Martinez's guilty plea. CR Dkt. No. 19.  On that same day, the Court held the sentencing hearing.

The District Court sentenced Gonzalez-Martinez to 84 months of imprisonment; three years of unsupervised release; and a $100 special assessment fee, the last of which was ordered remitted. CR Dkt. No. 22.  The judgment was entered on March 31, 2014. Id.

### C. Direct Appeal

Gonzalez-Martinez timely filed a notice of direct appeal. CR Dkt. No. 20.  On direct appeal, Gonzalez-Martinez's appellate counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). CR Dkt. No. 29.  On August 18, 2015, the Fifth Circuit granted appellate counsel's motion to withdraw and dismissed Gonzalez-Martinez's appeal, finding that it contained no nonfrivolous issues for appellate review. Id.

Neither the Fifth Circuit docket, nor the Supreme Court docket, reflect the filing of a petition for a writ of certiorari with the Supreme Court of the United States.

### D. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On August 1, 2016, Gonzalez-Martinez timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his motion, Gonzalez-Martinez raises a single claim, that his lawyer was ineffective for failing to object to the 16-level enhancement because his conviction for attempting to take a weapon from a peace officer was not a crime of violence. Dkt. No. 1.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Gonzalez-Martinez seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

## B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id. To prove that counsel's performance was deficient, a petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Moreover, a defendant is "entitled to effective assistance of counsel at all stages of his criminal trial, including the sentencing phase." Ransom v. Johnson, 126 F.3d 716, 721 (5th Cir. 1997). A defendant may show prejudice at sentencing if counsel's ineffective assistance resulted in any additional incarceration. Glover v. U.S., 531 U.S. 198, 203 (2001) (noting that "any amount of jail time has Sixth Amendment significance.").

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Gonzalez-Martinez's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520

(1972).  "While we read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

### A. Crime of Violence

Gonzalez-Martinez asserts that his counsel was ineffective for failing to object to the 16-level enhancement based on a prior conviction for a crime of violence.  As a matter of law, this claim is meritless.

In 2005, Gonzalez-Martinez was convicted of attempting to take a weapon from a peace officer, in violation of Tex. Penal Code § 38.14. CR Dkt. No. 14.  The Fifth Circuit has expressly held that a conviction under that statute is a "crime of violence" for sentencing purposes. U.S. v. Avalos-Martinez, 700 F.3d 148, 153 (5th Cir. 2012) ("Therefore, we conclude that the crime of attempting to take a weapon from a peace officer has the use of force against a person as a necessary element, and that it qualifies as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii)").

Accordingly, any objection to this enhancement was foreclosed by precedential caselaw.  District courts are bound by the prior decisions of the circuit court. N.W. Enterprises Inc. v. City of Houston, 352 F.3d 162, 188 (5th Cir. 2003), on reh'g in part, 372 F.3d 333 (5th Cir. 2004).  Gonzalez-Martinez's lawyer recognized this reality and acknowledged as much at the sentencing hearing. See CR Dkt. No. 25, p. 4 (Gonzalez-Martinez's lawyer discussing the 2005 conviction, stating, "Unfortunately for my client, the Fifth Circuit has come back recently in 2012 saying that's a 16-level enhancement, so we'll take it as what it's – what it is, what the Fifth Circuit says. We won't dispute that.").

Because the sentencing enhancement was legally supported, Gonzalez-Martinez's counsel was not ineffective for failing to file an unsupported motion. U.S. v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions.").  This claim is meritless and should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Israel Gonzalez-Martinez's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Gonzalez-Martinez's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Gonzalez-Martinez's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination

by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

    DONE at Brownsville, Texas, on January 18, 2017.

_____
Ronald G. Morgan
United States Magistrate Judge